IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, ) | C/A NO. 2:12-3112-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Anthony Padula, Warden; Michael McCall, ) | |
| Warden; Sgt. Keith McBride; Lt. Jason ) | |
| Davis; Clevland Demarie; A/W Brooks; ) | |
| Bruce Oberman; Sgt. C. Brown; Miss ) | |
| Desai, Librarian; Herman Finkley; James ) | |
| Dean; Lt. Buterbaugh; Nurse McDonald, ) | |
| and Capt. Commander, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff's *pro se* complaint was filed in this court pursuant to 42 U.S.C. § 1983. On January 9, 2013, Plaintiff filed a motion for preliminary injunction. Dkt. No. 21.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On July 18, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's motion for preliminary injunction be denied. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. After seeking and receiving an extension of time to do so, Plaintiff filed objections to the Report on August 12, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff argues, *inter alia*, that an injunction should be granted because he is allegedly being denied access to the courts due to limited access to the prison's law library. In *Bounds v. Smith*, 430 U.S. 817 (1978), the Supreme Court defined access to the courts for prisoners as "meaningful access." *Bounds*, 430 U.S. at 830. This was interpreted to require institutions to provide access to a law library or legal assistance in filing lawsuits. However, in *Lewis v. Casey*, 518 U.S. 343 (1996), the Court indicated that "*Bounds* established no such right . . . . The right that *Bounds* acknowledged was the (already well-established) right of *access to the courts*." 518 U.S at 350. The *Casey* decision distanced itself from the more expansive *Bounds* decision, finding that *Bounds* "appear[s] to suggest that the State must enable the prisoner to *discover* grievances, and to *litigate effectively* once in court. . . . These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them." *Casey*, 518 U.S. at 343. The *Casey* court went on:

> In other words, *Bounds* does not guarantee inmates the wherewithall to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

2

*Id*. at 355. The "touchstone," according to *Casey*, is that inmates be afforded "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id*. at 356.

The filings in this case evidence that Plaintiff has meaningful access to the court. By way of example, Plaintiff sought and received an extension of time to respond to the Report in this case, and thereafter filed timely objections.

Accordingly, Plaintiff's motion for preliminary injunction is **denied**. This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 14, 2013